UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>                    Plaintiff,<br><br>          v.<br><br>SECRETARY OF CORRECTIONS, et al.,<br><br>                    Defendants. | No.  2:21-cv-0364 TLN AC P<br><br><br>ORDER |

Plaintiff, a state inmate proceeding pro se, has filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 701 et seq., and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 52-52.[1]  The proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  For the reasons stated below, plaintiff will be given an opportunity to amend the complaint.

I.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

---

[1] This action was initiated in the Sacramento County Superior Court on November 5, 2020, and removed to this court on February 26, 2021, pursuant to 28 U.S.C. §§ 1441(a) and 1446.  See Defs.' Not. of Removal (ECF No. 1), Ex. A.

1

1 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
2 that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
3 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
4 U.S.C. § 1915A(b)(1) & (2).

5   A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
6 Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d
7 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on
8 indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"
9 Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (brackets added) (quoting Neitzke, 490
10 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122,
11 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations
13 omitted).

14   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
15 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
16 what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
17 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
18 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
19 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
20 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
21 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
22 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
23 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
24 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
25 cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
26 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

27   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
28 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added)

(quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

## II. THE COMPLAINT

At all times relevant to this action, plaintiff was housed at California Health Care Facility ("CHCF") in Stockton, California. He proceeds against the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); the CHCF Warden; and CHCF correctional staff M. Cole, A. Chaudhrey, P. Ngur, S. Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler. Plaintiff seeks declaratory relief, injunctive relief, and statutory damages pursuant to the ADA, the RA, and the Unruh Act. He alleges as follows.

### A. Confiscation of Legal Property

Plaintiff, an ADA inmate, is legally blind, has "profound hearing loss," and has "severe mobility restrictions" requiring the full-time use of a wheelchair. In January 2020, plaintiff arrived at CHCF with 15 boxes of legal and personal materials. He alleges that the CHCF Warden, Takehara, Bertolino, Wheeler, and Does 1-3 seized 12 boxes that contained legal materials, legal supplies, law books, and case files for pending state and federal court cases. At the time, Wheeler said, "You're goin' blind, don't need 'em!" and "Litigation Co-ordinator [*sic*] Takehara says your court cases have all been dismissed." Bertolino said, "Your court orders don't matter here."

Plaintiff submitted multiple requests for his boxes to no avail. Eventually, he filed "a pleading" in federal court seeking access to his legal materials for a scheduled settlement conference.[2] In response, Takehara and Nelson, "through defendant DOE IV," submitted a filing

---

[2] It is unclear if plaintiff initiated a new case alleging the denial of access to court, or if he filed a document in the same case in which he had a scheduled settlement conference.

in the case claiming that CHCF held no property belonging to plaintiff. Plaintiff alleges this was false because Nelson, Wheeler, and Bertolino held property receipts revealing "7 legal boxes of legal stored" and 5 boxes of law books and legal supplies "destroyed." Plaintiff claims that he defaulted in several cases "from the District of Columbia to California State and Federal Courts" because his legal materials were confiscated.[3]

### B. Covid Restrictions

The Covid-19 pandemic led CHCF to close its law library and limit access to "paging." Plaintiff required hard copies of cases enlarged 400% to 600% because he could neither see the LexisNexis computer screen nor hear the JAWS text-to-speech machine due to his disabilities. But even were he able to read a computer screen using a magnification tool or listen to the JAWS machine, CHCF placed this equipment in an open area where confidential communications can be seen, read, and heard by others. Singh denied plaintiff a handheld video magnifier.

Between April 2020 and October 2020, plaintiff submitted 22 paging requests that were denied. Of those, Chaudhery claimed that the Daily Journal newspaper and the Daily Appellate Reporter could only be read in the library, which was closed; Ngur "invented and enforced" a rule limiting inmates to "2 cases per 2 weeks"; Kouburg "invented" a rule that there would be "no exceptions for disabled – use LexisNexis and JAWS," and he denied two of plaintiff's priority law use requests; and Cole claimed "fast track rules" were vacated by CDCR regulations. Plaintiff claims that these denials caused him to miss or be unprepared for deadlines in several (unidentified) cases.

### III.   ANALYSIS

Plaintiff's allegations reflect concern about the alleged confiscation and possible destruction of his legal materials. The allegations also suggest interference with plaintiff's access to the court. However, the complaint specifies claims under the ADA, RA, and Unruh Act only.

////

////

---

[3] Plaintiff does not identify any of these cases or include any information as to the nature of suit.

The court declines to construe the pleading as also asserting claims under 42 U.S.C. § 1983 stemming from the deprivation of his legal materials.[4]

### A.  Americans with Disabilities Act and the Rehabilitation Act

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132 (1994); Weinrich v. L.A. Cty. Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  In other words, the ADA is designed to challenge the denial of a benefit or service accorded similarly situated individuals—i.e., discrimination—"by reason of" the plaintiff's disability.  To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978.

Similarly, to state a claim under the RA, a plaintiff must allege (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.  O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007).  The ADA and

---

[4] Insofar as plaintiff seeks to impose liability for the deprivation of his personal property, there is no such cognizable § 1983 claim if the state provides an adequate post-deprivation remedy.  See, e.g., Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810– 895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.").  California law, through the Government Claims Act, provides an adequate post-deprivation remedy for property deprivations.  E.g., Barnett, 31 F.3d at 816–17; see also Nible v. Fink, 828 F. App'x 463, 464 (9th Cir. 2020); Maraglino v. Espinosa, 796 F. App'x 451, 451 (9th Cir. 2020); Burton v. Burton, No. 2:20-cv-02395-JDP (PC), 2021 WL 352148, at *1 (E.D. Cal. Feb. 2, 2021); Holt v. Alvarado, 1:19-cv-00930-NONE-GSA-PC, 2020 WL 4922378, at *7 (E.D. Cal. Aug. 21, 2020).  Because California offers an adequate post-deprivation remedy for the alleged taking of property, any due process claim based thereon cannot proceed.

1  RA apply to state correctional facilities.  See Armstrong v. Schwarzenegger, 622 F.3d 1058, 1063
2  (9th Cir. 2010).
3   Individuals may challenge a facially neutral government policy on the ground that it has a
4  disparate impact on people with disabilities.  K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 725
5  F.3d 1088, 1102 (9th Cir. 2013).  To support such a claim, a plaintiff must demonstrate that the
6  policy has the "effect of denying meaningful access to public services." Id.
7   With respect to the proper defendant on an ADA and/or RA claim, there is no individual
8  liability for defendants sued for Title II violations pursuant to section 1983.  See Vinson v.
9  Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("We therefore join the Fifth, Eighth, and Eleventh
10  Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State
11  official in her individual capacity to vindicate rights created by Title II of the ADA or section 504
12  of the Rehabilitation Act.").  Instead, the proper defendant in an ADA action is the public entity
13  responsible for the alleged discrimination.  United States v. Georgia, 546 U.S. 151, 153 (2006).
14   Liberally construed, the complaint states a claim against the CHCF Warden in her official
15  capacity.  Plaintiff alleges that he is disabled, he is entitled to confidential legal communications
16  and access to legal materials, and he has been excluded from these benefits on account of his
17  disabilities.  These allegations are sufficient to proceed to service against the CHCF Warden.
18   B.  The Unruh Civil Rights Act
19   Plaintiff also brings suit pursuant to the Unruh Civil Rights Act, Cal. Civ. Code § 51 et
20  seq., for the discriminatory conduct he experienced at CHCF.  The Unruh Act provides that "[a]ll
21  persons within the jurisdiction of [California] are free and equal, and no matter what their ...
22  disability[ or] medical condition ... are entitled to the full and equal accommodations, advantages,
23  facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal.
24  Civ. Code § 51.  Thus, the Unruh Act "firmly established the right of all persons to
25  nondiscriminatory treatment by establishments that engage in business transactions with the
26  public."  Anderson v. County of Siskiyou, No. C 10-01428 SBA, 2010 WL 3619821, at *5 (N.D.
27  Cal. Sept. 13, 2010) (quoting Warfield v. Peninsula Golf & Country Club, 896 P.2d 776, 790
28  (Cal. 1995)).

A plaintiff alleging a violation of the Unruh Act must show the following:

> (1) [plaintiff] was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) [plaintiff's] disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

Wilkins-Jones v. County of Alameda, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012) (quoting Johnson v. Beahm, No. 2:11-cv-294-MCE-JFM, 2011 WL 5508893, at *4 (E.D. Cal. Nov. 7, 2011)).

Plaintiff's Unruh Act claim fails because a prison is not considered a "business establishment" within the meaning of the act. See Carter v. City of Los Angeles, 169 Cal. Rptr. 3d 131, 144 (Ct. App. 2014); see also Brennon B. v. Superior Court, 513 P.3d 971, 984 n.8 (Cal. 2022); Taormina v. Cal. Dep't of Corr., 946 F. Supp. 829, 834 (S.D. Cal. 1996) (holding a prison does not qualify as a business entity under Cal. Civ. Code § 51).

### IV.   LEAVE TO AMEND

Plaintiff states only an ADA and RA claim against the CHCF Warden in her official capacity. All other claims and defendants are subject to dismissal.

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against the CDCR Secretary or CHCF correctional staff M. Cole, A. Chaudhrey, P. Ngur, S. Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant CHCF Warden on his ADA and RA claims or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against the CHCF Warden without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without

1  prejudice of his claims against the CDCR Secretary and CHCF correctional staff M. Cole, A.
2  Chaudhrey, P. Ngur, S. Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler.

3       If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
4  about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,
5  423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named
6  defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
7  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
8  connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,
9  588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official
10  participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,
11  268 (9th Cir. 1982) (citations omitted).

12       Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
13  his amended complaint complete. Local Rule 220 requires that an amended complaint be
14  complete in itself without reference to any prior pleading. This is because, as a general rule, an
15  amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
16  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th
17  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled
18  in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint,
19  the original complaint no longer serves any function in the case. Therefore, in an amended
20  complaint, as in an original complaint, each claim and the involvement of each defendant must be
21  sufficiently alleged.

22          V.    Plain Language Summary of this Order for a Pro Se Litigant

23      Some of the allegations in the complaint state claims against the defendants and some do
24  not. You state ADA and RA claims against the CHCF Warden. You do not state any claims
25  against the CDCR Secretary or CHCF correctional staff M. Cole, A. Chaudhrey, P. Ngur, S.
26  Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler.

27       You have a choice to make. You may either (1) proceed immediately on your ADA and
28  RA claims against the CHCF Warden and voluntarily dismiss the other claims, or (2) try to

8

amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against the CDCR Secretary and CHCF correctional staff M. Cole, A. Chaudhrey, P. Ngur, S. Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler.  If you choose to file a first amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or wait for defendants to be served).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendants CDCR Secretary and CHCF correctional staff M. Cole, A. Chaudhrey, P. Ngur, S. Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his ADA and RA claims against the CHCF Warden as set forth in Section 3.A above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against the CDCR Secretary and CHCF correctional staff M. Cole, A. Chaudhrey, P. Ngur, S. Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler.

DATED: January 13, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER,<br><br>              Plaintiff,<br><br>     v.<br><br>SECRETARY OF CORRECTIONS, et al.,<br><br>              Defendants. | No. 2:21-cv-0364 TLN AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

       Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his ADA and RA claims against defendants the CHCF Warden in her official capacity without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against all remaining defendants pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                  _____
                                                                  G. Daniel Walker
                                                                  Plaintiff pro se

1