UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. DANIEL WALKER, | No. 2:21-cv-0364 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SECRETARY OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action seeking relief under 42 U.S.C. § 1983. The case was removed from state to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446 (ECF No. 1 at 1), and it was subsequently referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 13, 2023, the complaint was screened, and plaintiff was ordered to inform the court whether he wished to proceed on the claims the court had found appropriate for service, or to file an amended complaint. ECF No. 6 at 9. Plaintiff was given fourteen days to inform the court of his decision. At that time, he was also told that his failure to timely inform the court would result in a recommendation that certain claims and defendants be dismissed from this action. Id.

More than fourteen days have passed, and plaintiff has not informed the court how he would like to proceed, nor has he responded to the court's order in any way. Accordingly, for the

1

reasons stated below, it will be recommended that certain claims and defendants identified in the complaint be dismissed from this action.

## I. THE COMPLAINT

The complaint names the following defendants: the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); the CHCF Warden; and CHCF employees M. Cole, A. Chaudhrey, P. Ngur, S. Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler and Does 1 through 7. ECF No. 1 at 7-8. Plaintiff alleges that he is disabled within the meaning of the Americans With Disabilities Act ("ADA"). Id. at 8. Specifically, plaintiff states that he is legally blind, has profound hearing loss, has severe mobility restrictions, and requires "full time wheelchair accommodation." Id.

Plaintiff claims that his rights were violated when, after his arrival at CHCF in January 2020, defendants CHCF Warden, Takehara, Bertolino, Wheeler, and Does 1 through 3 seized twelve boxes of his property that contained legal materials, legal supplies and case files related to pending court cases. ECF No. 1 at 9-10. As a result, plaintiff "defaulted" in multiple cases he had "from the District of Columbia to California State and Federal Courts." Id. at 10.

Plaintiff also alleges that between April 2020 and October 2020, his paging requests for materials from the law library were denied by defendants Cole, Chaudhrey, Ngur, and Koubong on multiple occasions in different ways. ECF No. 1 at 10-11. As a result, plaintiff either missed or was he was unprepared for deadlines in several cases. Id. The complaint does not identify those cases with any specificity. See id. at 10.

Plaintiff argues that Title II of the ADA prohibits discrimination by a public entity on the basis of his disabilities. ECF No. 1 at 14. He contends that defendants have violated his rights when they limited his access to his confidential legal documents as well as the length of time he had access to them, while other non-disabled inmates were given unlimited access to theirs. See id. at 14. He also alleges that defendants have denied him ADA accommodations such as a handheld video magnifier; denied him access to unlimited paging and use of personal legal materials in his cell; denied him use of computers in the law library; and that they have conspired to prevent his access to courts. Id. at 14-15. Other non-disabled inmates, plaintiff asserts, have

not been denied such access. See generally id. Plaintiff argues that these actions of defendants constitute unlawful discrimination due to his disabilities in violation of the ADA and the RA. Id. at 15.

## II. DISCUSSION

The complaint makes allegations related to the confiscation and possible destruction of plaintiff's legal materials, and it also suggests interference with his access to courts. See ECF No. 1 at 8-10. However, the only claims that are specified in the complaint are those under the ADA, the RA and the Unruh Act. See generally id. at 9-15 (claims section of complaint). Accordingly, when screening the complaint, the undersigned declined to construe the complaint as asserting claims under 42 U.S.C. § 1983. See id. at 4-5.[1]

### A. Americans with Disabilities Act and Rehabilitation Act Claims

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability based on that disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. Cty. Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). In other words, the ADA is designed to challenge the denial of a benefit or service accorded similarly situated individuals – i.e., discrimination – "by reason of" the plaintiff's disability. To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978.

Similarly, to state a claim under the RA, a plaintiff must allege (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the

---

[1] Moreover, violations of the ADA and RA do not support causes of action against individual defendants under Section 1983. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); Okwu v. McKim, 682 F.3d 841, 844 (9th Cir. 2012).

benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007). The ADA and RA apply to state correctional facilities. See Armstrong v. Schwarzenegger, 622 F.3d 1058, 1063 (9th Cir. 2010).

Individuals may challenge a facially neutral government policy on the ground that it has a disparate impact on people with disabilities. K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 725 F.3d 1088, 1102 (9th Cir. 2013). To support such a claim, a plaintiff must demonstrate that the policy has the "effect of denying meaningful access to public services." Id.

The ADA and RA do not create individual liability on the part of state officials as does Section 1983, and violations of the ADA and RA may not be bootstrapped into Section 1983 claims in order to create such liability. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002); Okwu v. McKim, 682 F.3d 841, 844 (9th Cir. 2012). Rather, the proper defendant in an ADA action is the public entity that is responsible for the claimed discrimination. See United States v. Georgia, 546 U.S. 151, 153-54 (2006).

Plaintiff has alleged that defendants denied his rights to receive and have access to confidential legal communications, while granting such access to non-disabled inmates. See ECF No. 1 at 14-15. For example, the non-disabled are permitted to read confidential documents at all hours of the day in their cells, while he may only hold his confidential documents for two hours a week in the law library. Id. at 14. He has been denied the use of a handheld video magnifier that would enable him to have privacy while reading his documents, whereas the non-disabled are provided said privacy all hours of the day. Id. In addition, plaintiff states that defendants have given non-disabled inmates unlimited "paging," while he has been denied the same access. ECF No. 1 at 10-11, 14. Other examples provided by plaintiff appear to establish unequal treatment of plaintiff based upon his disability. See id. at 14-15. As a result, having liberally construed the complaint, the undersigned finds that plaintiff's assertions state a claim against the defendant CHCF warden in her official capacity only.[2] All other individual defendants must be dismissed

---

[2] Suing the warden in her official capacity is the functional equivalent of suing the prison.

4

because no ADA or RA claim can be stated against them.

### B. Unruh Civil Rights Act Claim

In the complaint, plaintiff also alleges that defendants Cole, Chaudhrey, Ngur, Koubong, Takehara, Singh, CHCF, and the warden have violated his rights under the Unruh Civil Rights Act, Cal. Civ. Code 51 et seq. presumably when they denied him "all access to, use of and court access through blind equipped scanner, computer, large screen monitor, and printer to thwart and prevent court access by a disabled person," as well as engaging in other discriminatory acts against him. See generally ECF No. 1 at 6-7 (reference to Unruh providing damages and other relief for violations of the ADA), 12-15 (identifying defendants who allegedly deprived plaintiff of equal accommodations).

The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their . . . disability [or] medical condition . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51 (brackets added). Thus, the Unruh Act "firmly established the right of all persons to nondiscriminatory treatment by establishments that engage in business transactions with the public." Anderson v. County of Siskiyou, No. C 10-01428 SBA, 2010 WL 3619821, at *5 (N.D. Cal. Sept. 13, 2010) (quoting Warfield v. Peninsula Golf & Country Club, 10 Cal. 4th 594, 618 (1995)).

A plaintiff alleging a violation of the Unruh Act must show the following:

> (1) [plaintiff] was denied the full and equal accommodations, advantages, facilities, privileges, or services in a business establishment; (2) [plaintiff's] disability was a motivating factor for this denial; (3) defendants denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services; and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.

Wilkins-Jones v. County of Alameda, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012) (quoting Johnson v. Beahm, No. 2:11-cv-294-MCE-JFM, 2011 WL 5508893, at *4 (E.D. Cal. Nov. 7, 2011)).

Plaintiff has been informed that his Unruh Act claim fails because a prison is not considered a "business establishment" under the Act unless it engages in behavior involving

sufficient "businesslike attributes." See Carter v. City of Los Angeles, 224 Cal. App. 4th 808, 825 (2014); ECF No. 6 at 7 (screening order).  As a result, plaintiff's Unruh Act claim cannot support relief.

For these reasons, it will be recommended that plaintiff be permitted to proceed solely on his ADA and RA claims against the defendant Warden at CHCF in the warden's official capacity only.  It will also be recommended that all other claims and defendants be dismissed from this action for failure to state a claim against which relief may be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff be permitted to proceed on his ADA and RA claims against the Warden at CHCF as set forth in Section 3A of the magistrate judge's screening order issued January 13, 2023 (ECF No. 6 at 4-6); and

2. Defendants CDCR Secretary and CHCF correctional staff M. Cole, A. Chaudhrey, P. Ngur, S. Koubong, V. Singh, E. Takehara, M. Nelson, and J. Wheeler, as well as all claims asserted against them, be DISMISSED from this action for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 1, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE